THORNLEY & PITT, Amthor Imports,
Plaintiffs,

v.

UNITED STATES, Defendant.

C.D. 3133; Protest No. 61/18035–94547.

United States Customs Court
Second Division.

Sept. 28, 1967.

Glad & Tuttle, San Francisco, Cal. (Edward N. Glad and George R. Tuttle, San Francisco, Cal., of counsel), for plaintiffs.

Carl Eardley, Acting Asst. Atty. Gen. (Sheila N. Ziff, trial attorney), New York City, for defendant.

Lamb & Lerch, New York City (David A. Golden and Richard J. Kaplan, New York City, of counsel), as amicus curiae.

Before RAO, Chief Judge, and FORD, Judge.

RAO, Chief Judge:

The subject merchandise consists of 24 crates of bicycles which were classified for customs duty purposes as bicycles weighing over 36 pounds and having wheels measuring over 25 inches in diameter in paragraph 371 of the Tariff Act of 1930 and pursuant to Presidential Proclamation No. 3108, 90 Treas.Dec. 285, T.D. 53883, promulgated on the authority of section 7 of the Trade Agreements Extension Act of 1951 (19 U.S. C.A. § 1364), as amended, were subjected to duty at the rate of 22½ per centum ad valorem. The tariff classification of said merchandise is not controverted but

the duty assessment is, it being the position of plaintiffs herein that the duty provision for such size and weight of bicycles provided by the Presidential proclamation carrying out the provisions of the General Agreement on Tariffs and Trade, 82 Treas.Dec. 305, T.D. 51802, namely, "$2.50 each, but not less than 15% ad val.," is the appropriate basis and should have been applied.

This case has been submitted for decision upon a stipulation of the parties hereto, the pertinent portion of which reads as follows:

1. That the instant protest is limited to the merchandise on the invoice described as bicycles, with or without other words of description, which were assessed for duty at 22½ percent ad valorem under Paragraph 371 of the Tariff Act of 1930 as modified by Presidential Proclamation 3108, dated August 18, 1955, T.D. 53883, and is abandoned as to all other merchandise.

2. That as so limited, the issues are similar in all material respects to those involved in United States v. Schmidt Pritchard & Co., Mangano Cycles Co., 47 CCPA 152, C.A.D. 750, and Andrew Fisher Cycle Co., Inc. v. United States, 52 Cust.Ct. 197, C.D. 2460; that the records in said cases may be incorporated in the record of this protest.

Briefly stated, Presidential Proclamation No. 3108, supra, was issued by the President as the result of an investigation by and on the recommendation of the Tariff Commission predicated on a showing that American interests would be damaged by the reduced tariff rates on bicycles provided by the General Agreement on Tariffs and Trade, supra. Said proclamation was promulgated pursuant to section 7 of the Trade Agreements Extension Act of 1951 (65 Stat. 74), as amended by the Trade Agreements Extension Act of 1953 (67 Stat. 472).

It would be well at this point to review the holding in the *Schmidt Pritchard*

and *Andrew Fisher* cases referred to, supra.

In the *Schmidt Pritchard* case (writ of certiorari denied, United States v. Schmidt Pritchard & Co., 364 U.S. 919, 81 S.Ct. 283, 5 L.Ed.2d 259), the Court of Customs and Patent Appeals affirmed the court below in holding that the President erred in not accepting or rejecting the recommendation of the Tariff Commission to make adjustments in the rates of duty on the bicycles involved in that case, namely, bicycles of wheel diameter over 25 inches, weighing less than 36 pounds, and not designed for use with tires having a cross-sectional diameter exceeding 1⅝ inches, but instead in proclaiming a rate different from that recommended by the Tariff Commission, thereby exceeding his statutory power. The appellate court, however, reversed the court below insofar as it found that the failure of the President to act within the time limits prescribed by the statute likewise invalidated the proclamation and held "that the procedural aspects leading up to the promulgation of Presidential Proclamation No. 3108 were conducted in compliance with section 7 of the Trade Agreements Extension Act of 1951, as amended, as that section was interpreted and administered by the President and the Tariff Commission with the knowledge of Congress and with what we find amounted to Congressional assent to this procedure."

Presidential Proclamation No. 3108 was also involved in the case of Andrew Fisher Cycle Co., Inc., supra (dismissed on appeal (No. 5188) Id. v. Id., 52 CCPA 125). This court upheld the legality of said proclamation in raising the rate of duty on the types of bicycles there involved, namely, those with wheel diameters over 25 inches and weighing 36 pounds or more, and those having wheel diameters over 19 inches but not over 25 inches, which rates of duty promulgated by the President were those recommended to him by the Tariff Commission.

Against the background of the two previous cases, plaintiffs here seek to have this court hold as follows:

1. That Presidential Proclamation No. 3108 is not severable and, inasmuch as part thereof has been held invalid, it is invalid *in toto*.

2. Even if the said proclamation is capable of being severed, it is still invalid because of failure to follow the express procedural requirements of the statute.

On the first of said points, the matter of severability, it might be inferred that a ruling on this point was made by the Court of Customs and Patent Appeals in the *Schmidt Pritchard* case, supra, where at the conclusion of its decision it stated:

> * * * We hold, therefore, that insofar as Presidential Proclamation No. 3108 sets a rate of duty on the class of bicycles here in issue other than that recommended by the Tariff Commission, it exceeds the authority delegated to the President *and such portion of the proclamation is void*. [Italics supplied.]

However, inasmuch as the severability of Presidential Proclamation No. 3108 was not made a specific point in issue in the two previous cases nor was the proposition briefed, we give expression to the following views on the subject.

██ We believe it is the basic duty of courts so to construe the law of the land as to effectuate its execution to the fullest extent possible. And in the event part of a law may be invalid or incapable of execution, the balance of said legislation will stand, if possible of execution, in order to carry out the intent of Congress. The present case appears to be just such an instance.

In Allen v. Louisiana, 103 U.S. 80, 83, 26 L.Ed. 318, the court stated:

> It is an elementary principle that the same statute may be in part constitutional and in part unconstitutional, and that if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected. * * * The point to be determined in all such cases is whether the unconstitutional provisions are so connected with the general scope of the law as to make it impossible, if they are stricken out, to give effect to what appears to have been the intent of the legislature.

The principle underlying severability of statutes is deemed applicable in like manner to the severability of the Presidential proclamation here involved. Note cross-appeals United States v. American Bitumuls & Asphalt Co., et al., 246 F.2d 270, 44 CCPA 199, C.A.D. 661.

Consideration must be given to whether the instant rate structure provided by Presidential Proclamation No. 3108 can be given force and effect apart from the portion thereof determined to be invalid in the *Schmidt Pritchard* case, supra.

While it is true that the Presidential proclamation applies only to bicycles and to no other merchandise, as pointed out by plaintiffs in support of their argument of total invalidity of said proclamation, it is also true that bicycles have been considered as comprising various categories depending upon the diameter of the wheels and the weight of the bicycles, and in connection therewith varying rates of duty have been provided over the course of many years. Note the modification of paragraph 371 of the Tariff Act of 1930 by the Trade Agreement with the United Kingdom, 74 Treas.Dec. 253, T.D. 49753, and by the General Agreement on Tariffs and Trade, supra. Moreover, in the Tariff Commission's "Report to the President on Escape-Clause Investigation No. 37 Under the Provisions of Section 7 of the Trade Agreements Extension Act of 1951," which was received in evidence as plaintiffs' exhibit 3 in the *Schmidt Pritchard* case, supra, which record has been incorporated herein, consideration was given to the several different sizes and weights of bicycles with the result that the Tariff Commission recommended to the President that the rates on the four classes of bicycles provided for by Presidential Proclamation No. 2761A (61

Stat. 1103), putting into effect the General Agreement on Tariffs and Trade, be increased "to remedy the serious injury to the domestic industry producing like or directly competitive products." (Presidential Proclamation No. 3108, paragraph 6.)

This court is of the opinion that the fact Presidential Proclamation No. 3108 is ineffective as to one category of bicycles referred to as the 25-inch diameter lightweights, by virtue of the *Schmidt Pritchard* case, supra, does not devitalize the proclamation in its entirety inasmuch as the remaining parts thereof, being separate, distinct, and definitive may be given force and effect, and thus accomplish to a major extent the intent, purpose, and benefit to be derived by the domestic industry from said proclamation.

It follows, therefore, that Presidential Proclamation No. 3108 is severable and is of full force and effect insofar as it relates to types of bicycles other than the 25-inch diameter lightweights which were the subject of the *Schmidt Pritchard* case. Accordingly, the action of the customs officials in imposing duty at the rate of 22½ per centum ad valorem on the bicycles in the instant case, the rate provided by Presidential Proclamation No. 3108, is affirmed.

As to the second contention of plaintiffs in this case, namely, that the Presidential Proclamation No. 3108 is invalid because of failure to follow the express procedural requirements of the statute, due consideration has been given to the views of the parties litigant set forth *in extenso* pro and con on this phase of the case. This court is of the opinion that no point would be served in repeating them here, inasmuch as we consider it only fair to presume that the Court of Customs and Patent Appeals took all facts into consideration when it held on review on the *Schmidt Pritchard* case, supra, as follows:

> We conclude, therefore, that the procedural aspects leading up to the promulgation of Presidential Proclamation No. 3108 were conducted in compliance with section 7 of the Trade Agreements Extension Act of 1951, as amended, as that section was interpreted and administered by the President and the Tariff Commission with the knowledge of Congress and with what we find amounted to Congressional assent to this procedure.

It is the view of this court that said holding is *stare decisis* on the question of compliance with the statutory procedural requirements. To hold otherwise would be an act of supererogation on our part.

On the record here presented, after due consideration of the briefs of the parties and of *amicus* and all of the numerous cases cited therein, this court holds that all claims in the protest must be overruled.

Judgment will be entered accordingly.